UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: <br><br> Michael W. Corbin, <br><br> Debtor | Chapter 13 <br> Case No. 17-10680 |

### ORDER GRANTING, IN PART, FEE APPLICATION
### OF MOLLEUR LAW OFFICE

On March 11, 2024, Molleur Law Office filed its final application for compensation [Dkt. No. 43] ("Fee Application") in connection with representation of the debtor. The Fee Application is granted, in part, as set forth in this Order. Molleur Law Office is awarded $745.00 as reasonable compensation for actual, necessary services rendered, and $14.70 as reimbursement for actual, necessary expenses, for a total award of $759.70. This award is made under 11 U.S.C. § 330(a)(4)(B).

In making this award, the Court has disallowed the $125.00 in "estimated fees" requested in paragraph 13 of the Fee Application for "services necessary to file and prosecute a motion for discharge, including client follow up, execution of documents, and additional services regarding case completion, including the debtor education certificate." Such a motion [Dkt. No. 40] and certificate [Dkt. No. 39] were filed before the Fee Application was filed. The billing detail attached to the Fee Application indicates that fees were already charged for services rendered accordingly. Thus, to some extent, the requested estimated fees appear to be duplicative of requested actual fees. To the extent that any estimated fees are not duplicative, the Fee Application lacks sufficient information for the Court to determine whether reasonable

1

compensation is being requested for actual, necessary services rendered.[1]  See 11 U.S.C. § 330(a)(1)(A).

Dated: April 9, 2024

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] Further, after the Fee Application was filed, Mr. Corbin was granted a discharge without the Court holding a hearing on his unopposed motion for discharge.  Thus, no additional services became necessary for prosecuting that motion.

2